```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------x
                               :
In re:                         :
                               :
ANTHONY F. DIFABIO, JR.,       :
                               :   No.3:04CV2131 (AWT)
         Debtor.               :   (Bankruptcy Appeal)
                               :
                               :
-------------------------------x
                               :
THE CADLE COMPANY,             :
                               :
         Appellant,            :
     v.                        :
                               :
ANTHONY F. DIFABIO, JR.,       :
                               :
         Appellee.             :
-------------------------------x
```

## RULING AND ORDER

The issue presented on this appeal is whether the bankruptcy court erred by holding that Appellant The Cadle Company failed to satisfy its burden of proving that Appellee Anthony F. DiFabio, Jr.'s transfer of earnings to his wife's checking account within one year before the date he filed for bankruptcy was done with the intent to hinder, delay or defraud his creditors within the meaning of 11 U.S.C. § 727(a)(2)(A). The court concludes that the bankruptcy court did not err.

Different standards of review apply to a decision of a bankruptcy court on appeal depending upon whether the appeal is premised upon a finding of fact or a conclusion of law. With regard to findings of fact, Rule 8013 of the Rules of Bankruptcy Appellate Procedure provides, in pertinent part, that the

bankruptcy court's findings of fact "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."  Rule 8013 further requires that on appeal "due regard . . . be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  A finding of fact is clearly erroneous when, after reviewing the evidence, a court is "left with the definite and firm conviction that a mistake has been committed."  In re Manville Forest Products Corp., 896 F.2d 1384, 1388 (2d Cir. 1990) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  On the other hand, a bankruptcy court's conclusions of law are subject to de novo review on appeal.  In re Ionosphere Clubs, Inc., 922 F.2d 984, 988-89 (2d Cir. 1990).  "This standard is equally applicable to the so-called mixed questions of law and fact."  Banker v. Nighswander, Martin and Mitchell, 37 F.3d 866, 870 (2d Cir. 1994).  Here, because the Appellant disagrees with the bankruptcy court's finding that the Appellant did not sustain its burden of proof, the clearly erroneous standard applies.

Having reviewed the record on appeal, including the bankruptcy court's Memorandum of Decision (Appellant's Designated Item 17) (the "Memorandum of Decision") and the parties' briefs, it is apparent to the court that what the Appellant seeks to do is have the court substitute its evaluation of the evidence, including an assessment of the credibility of the witnesses who

testified in the bankruptcy court proceeding, for that of the bankruptcy court. The applicable standard of review makes it clear that that is inappropriate. There is more than sufficient evidence to support the bankruptcy court's findings of fact, and the bankruptcy court's reasoning is set forth in clear and persuasive fashion in the Memorandum of Decision. The court addresses four points made by the Appellant.

First, the Appellant argues, in substance, that fraudulent intent was conclusively established by evidence the Appellant contends met the "badges of fraud" test as set forth in In re Maletta, 159 B.R. 108, 112 (Bankr. D. Conn. 1993). (Brief of Appellant The Cadle Company ("Appellant's Brief") (Doc. No. 7) at 18.) The Memorandum of Decision addresses this point directly. However, the bankruptcy court properly noted that "courts often look at the totality of the circumstances as well as the badges of fraud surrounding the transfers," (Memorandum of Decision at 7, quoting Gredd v. Bear, Stearns, Sec. Corp. (In re Manhattan Inv. Fund Ltd.) 310 B.R. 500, 505 (Bankr. S.D.N.Y. 2002)). The bankruptcy court quite properly looked at the evidence concerning badges of fraud surrounding the transfers in the context of the totality of the circumstances. The bankruptcy court also addressed directly the Appellant's contention, at page 19 of the Appellant's Brief, concerning In re Gurriera, 225 B.R. 32 (Bankr. D. Conn. 1998) and explained why the plaintiff's reliance on In

re Gurriera was misplaced.

Second, the Appellant contends that the bankruptcy court erred by not taking into consideration the Appellee's and his wife's responses to the post-judgment interrogatories served upon them by the Appellant just prior to the Appellee's filing for bankruptcy. (See Appellant's Brief at 15.) While the Appellant's contentions with respect to the inferences to be drawn from the responses to its post-judgment interrogatories are not directly addressed in the Memorandum of Decision, it is apparent that the bankruptcy court understood its obligation to consider the totality of the circumstances. (See Memorandum of Decision at 7.) In addition, for the reasons set forth in the Brief of Defendant-Appellee Anthony F. DiFabio, Jr., (the "Appellee's Brief") (Doc. No. 8) at pages 13-14, there were sound reasons for the bankruptcy court to reject the Appellant's argument with respect to the post-judgment interrogatories.

Third, quoting only part of the pertinent portion of the Memorandum of Decision (see Appellant's Brief at 17), the Appellant argues that the bankruptcy court committed clear error when it held that "[n]othing the debtor did hindered or defrauded any creditors' remedy that would have otherwise been available, given that the debtor had no obligation to maintain an account, or attachable property for the benefit of judgment creditors." (Memorandum of Decision at 9.) In addition, the Appellant

ignores the fact that the Memorandum of Decision then goes on to point to specific evidence, i.e., the canceled checks, on which the bankruptcy court relied in reaching this conclusion. The Appellant simply ignores this aspect of the Memorandum of Decision.

Fourth, the Appellant also appears to place a good deal of reliance on In re Craig, 252 B.R. 822, 827 (Bankr. S.D. Fla. 2000) and In re Beauchamp, 236 B.R. 727, 729 (Bankr. 9th Cir. 1999). (See Appellant's Brief at 21.) However, for the reasons discussed by the Appellee, those cases are clearly distinguishable from the instant case. (See Appellee's Brief at 16-18.)

For the reasons set forth above, the court concludes that the bankruptcy court did not err, and the judgment of the bankruptcy court is hereby AFFIRMED.

The Clerk shall close this case.

It is so ordered.

Dated this 20th day of February 2007, at Hartford, Connecticut.

            /s/AWT
            Alvin W. Thompson
          United States District Judge